IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert William Wazney, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:18-2610-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| James C. Campbell, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Robert William Wazney ("Wazney"), a state prisoner proceeding pro se, alleges a 42 U.S.C. § 1983 claim alleging that the Defendant James C. Campbell, a clerk with the Sumter County Family Court, failed to file legal documents and assessed substantial filing fees. In his Report and Recommendation, Magistrate Judge McDonald recommends dismissing this action without prejudice and without issuance and service of process. (R&R 4, ECF No. 17.)

Wazney filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Wazney's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. The court, however, was able to glean one specific objection. Wazney objects to the magistrate judge's finding that the Defendant is entitled to quasi-judicial immunity. Wazney claims that the Defendant, in his role as a court clerk with the Sumter County Family Court, refused to file certain documents and imposed substantial filing fees that have limited his access to the courts. (Objs., generally, ECF No. 21.) This objection is without merit.

Clerks of court are afforded quasi-judicial immunity from suit on claims involving "tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994); Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) (unpublished) ("[A] court clerk is generally entitled to quasi-judicial immunity."). Filing documents and assessing filing fees are integral to the judicial process. Wymore v. Green, No. 06-3395, 2007 WL 2340795, at *3 (10th Cir. Aug. 17, 2007) (unpublished) (affirming district court's grant of absolute quasi-judicial immunity to a state court clerk that allegedly refused to file the prisoner's documents); Martin v. Rush, No. 13-693, 2013 WL 2285948, at *5 (D.S.C. May 23, 2013) (unpublished) (finding that quasi-judicial immunity applied to clerk who allegedly failed to provide him with a hearing transcript despite request); Coleman v. Fountain, No. 3:17CV266, 2018 WL 2124091, at *3 (E.D. Va. May 8, 2018) (unpublished) (finding clerks immune from

suit complaining about assessment of filing fees based on quasi-judicial immunity).

Accordingly, after review, the court finds that Wazney's specific objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference. Further, Wazney cannot cure the defects in his complaint by amendment. Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 623 (4th Cir. 2015). Therefore, the court declines to afford leave to amend.

It is therefore

**ORDERED** that this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

Greenville, South Carolina
November 20, 2018

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.